ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 APR 18 PM 12: 13
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BENJAMIN R. SINGLETON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 307-008 |
| ) | |
| DONALD BARROW, Warden, and ) | |
| THURBERT E. BAKER, Attorney ) | |
| General of the State of Georgia, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

Petitioner was convicted for possession of cocaine in the Superior Court of Liberty County and sentenced to serve fifteen (15) years in prison. (Doc. no. 9, Ex. 3). Petitioner was granted parole on December 15, 2004. (Id.). Petitioner was subsequently charged with violating the terms of his parole by failing to carry out instructions from his parole officer and by committing the offense of disorderly conduct on or about May 13, 2005. (Id.). On August 10, 2005 Petitioner had a parole revocation hearing at Telfair State Prison wherein the parole board found Petitioner guilty, and revoked his parole. (Id.). This August 10, 2005

parole revocation hearing is the basis for Petitioner's habeas petition. Prior to filing the instant habeas petition, Petitioner filed a petition for a writ of habeas corpus on January 20, 2006 in the Superior Court of Wilcox County. (Id.). An evidentiary hearing was held on April 19, 2006, and a final order denying his petition was filed on May 8, 2006. (Id.). Petitioner executed the instant petition challenging his Liberty County parole revocation ("Parole Revocation") on March 6, 2007.

Petitioner maintains, as the basis for the first grounds of his petition, that his Parole Revocation hearing was unconstitutional because: (1) he was denied assistance of counsel at the hearing; (2) the state parole board violated O.C.G.A. § 42-9-50 and 51; (3) the parole officer did not follow the parole board procedure and therefore conducted an unconstitutional urine test; (4) Petitioner was denied discovery from the State; and (5) Petitioner was not provided with written notice from the board about his Parole Revocation. (Doc. no. 1, p. 6; doc. no. 19, p. 7). Finally, Petitioner was allowed to amend his petition to assert that he was denied his right to confront Sheriff J. Don Martin, an adverse witness, at his Parole Revocation proceedings.[1] (Doc. no. 12, p. 4; doc. no. 19, p. 21). This claim serves as the

---

[1] The Court's Order allowing Petitioner to add the claim regarding his right to confront Sheriff Martin directed Respondent to file his amended answer addressing Petitioner's new claim within thirty days of the date of the Order. (Doc. no. 13, p. 3). Respondent failed to file his amended answer within the thirty days. Thereafter, Petitioner filed a motion for judgment on the pleadings based on Respondent's failure to file his amended response. (Doc. no. 16). The very next day, Respondent submitted his "Motion to Amend Answer and Brief Out-of-Time." (Doc. no. 17). Although the Court does not condone the length of delay in responding to Petitioner's amended claim, it notes that immediately upon realizing that he had not filed a timely amended response to Petitioner's new claim, Respondent promptly filed his amended response. Therefore, Respondent's motion (doc. no. 17) is **GRANTED** and the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion for judgement on the pleadings (doc. no. 16) should be **DENIED**.

2

basis for the second grounds of relief for Petitioner's petition.

Respondent argues that with the exception of Petitioner's assertion that he was not provided with notice about his Parole Revocation and his assertion that he was denied the right to confront the adverse witness, Petitioner has failed to allege grounds for relief in federal habeas corpus. (Doc. no. 18, p. 12). Respondent notes that the grounds raised by Petitioner do not allege violations of the limited due process protections which apply to revocations proceedings. (Id.). Respondent also notes that the state habeas court concluded that Petitioner's assertion that he was not provided notice of his Parole Revocation lacked merit. (Id.). In addition, Respondent maintains that Petitioner's claim that he was denied the right to confront an adverse witness is procedurally barred. (Id. at 15). Having summarized the parties' contentions, the Court will explain the applicable standard of review.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, includes amendments to Chapter 153 of Title 28, codified at 28 U.S.C. §§ 2244 & 2253-2255, and amendments to Chapter 154 of Title 28, codified at 28 U.S.C. §§ 2261-2266, that are applicable to the current petition.

According to 28 U.S.C. § 2254(d):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

3

Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court interpreted § 2254(d) in Williams v. Taylor, 529 U.S. 362, 404 (2000). The Supreme Court explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) *"contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) *"involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

Id. at 404-05.

The Eleventh Circuit has explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.
>
> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. Notably, an "unreasonable application" is an "objectively unreasonable" application.

Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001) (internal citations omitted).[2] In sum,

---

[2] As to the analysis of the "unreasonable application" standard, the Supreme Court has explained:

4

the writ of habeas corpus may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, § 2254(e)(1) sets a highly deferential standard of review for state court factual determinations. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001) (citations omitted); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000).

With these basic principles in mind, the Court now turns its attention to the instant petition.

---

> Stated simply, a federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

Williams, 529 U.S. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (finding application of Supreme Court precedent to be unreasonable requires more than an incorrect or erroneous state court decision; it must be "objectively unreasonable").

## III. DISCUSSION

### A. Petitioner's Allegations of Error

In the instant petition, Petitioner reiterates the arguments he raised in his state habeas corpus petition; namely, that his Parole Revocation hearing was unconstitutional because: (1) he was denied assistance of counsel at the hearing; (2) the sate parole board violated O.C.G.A. § 42-9-50 and 51; (3) the parole officer did not follow the parole board procedure and therefore conducted an unconstitutional urine test; (4) Petitioner was denied discovery from the State; and (5) Petitioner was not provided with written notice from the board about his Parole Revocation. (Doc. no. 1, p. 6; doc. no. 19, p. 7). However, the grounds Petitioner asserted in his amendment, that he was denied his right to confront Sheriff Martin an adverse witness at his Parole Revocation proceedings, (doc. no. 12, p. 4; doc. no. 19, p. 21) was never raised in his state habeas petition. Petitioner maintains that he did not raise this issue in the state habeas corpus proceeding because he was not aware that Sheriff Martin had testified in his Parole Revocation until Petitioner received the transcripts of the hearing.

### B. Failure to State Claims for Federal Habeas Relief

As noted above, in ground one, Petitioner argues that his Parole Revocation hearing was unconstitutional because: (1) he was denied assistance of counsel at the hearing; (2) the state parole board violated O.C.G.A. § 42-9-50 and 51; (3) the parole officer did not follow the parole board procedure and therefore conducted an unconstitutional urine test; (4) Petitioner was denied discovery from the State; and (5) Petitioner was not provided with written notice from the board about his Parole Revocation. (Doc. no. 1, p. 6; doc. no. 19, p. 7). Respondent counters (doc. no. 18, pp. 12-15), and the Court agrees, that with the

exception of Petitioner's claim regarding notice of his Parole Revocation, Petitioner has failed to state claims for federal habeas relief.[3]

A federal habeas court may entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the United States Constitution, a treaty, or the laws of the United States. Estelle v. McGuire, 502 U.S. 62, 68 (1991). A federal court is not concerned with a state's interpretation of its own laws and rules unless the violations raise federal constitutional problems; such matters are of state concern. McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992); see also Dorsey v. Chapman, 262 F.3d 1181, 1190 n.11 (11th Cir. 2001) ("[F]ederal habeas relief does not include the review of state court application of state procedural rules that do not rise to the level of constitutional violations."). Stated otherwise, a federal habeas court is not a "'super' state supreme court" available to grant relief every time it believes a state court erred. Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983) (*per curiam*) (quoting Meyer v. Estelle, 621 F.2d 769, 771 (5th Cir. 1980)).

Here Petitioner asserts claims regarding the constitutionality of his Parole Revocation hearing. In Morrissey v. Brewer, 92 S.Ct. 2593 (1972), the Supreme Court provided the starting point for analyzing the constitutionality of parole revocation proceedings. According to the Court, "the minimum requirements of due process" include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and

---

[3]As will be discussed *infra* in section C, Petitioner's claim that he was not provided with notice of his Parole Revocation is without merit.

7

> cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Id. at 2604.

Not including Petitioner's claim that he did not receive notice of his Parole Revocation, Petitioner has simply raised alleged violations of the Georgia Code, or Georgia procedure of parole revocation. Petitioner's grounds do not involve allegations of violations of "clearly established Federal Law."

For example, the revocation of parole is not a part of a criminal prosecution. Gagnon v. Scarpelli, 411 U.S. 778, (1973). Parole arises after the end of the criminal prosecution, including imposition of sentence . . . Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions. Id., at 782. The Supreme Court has concluded when addressing whether a parolee has a due process right to be represented by appointed counsel, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Id. at 790.

Petitioner does not have an automatic right to be represented by appointed counsel.[4] Therefore, Petitioner was afforded the minimum requirements of due process as explained

---

[4]The state habeas court noted that the parole board determined that Petitioner was able to understand the allegations of parole violations against him and present an adequate defense against the allegations. (Doc. no. 9, Ex. 36). The court then found that there was no showing by Petitioner that fundamental fairness required the State to provide him with a court appointed attorney. (Id.).

8

in Morrissey. As such, Petitioner has not set forth grounds that he is in custody in violation of the United States Constitution, a treaty, or the laws of the United States.

Thus, the Court concludes that Petitioner has not stated grounds that are cognizable in a federal habeas proceeding and cannot form the basis for federal habeas corpus relief. See Estelle, 502 U.S. at 68-69 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). As such Petitioner's claims 1-4 raised in ground one fail.

### C. Notice Claim Lacks Merit

Petitioner argues that his Parole Revocation hearing was unconstitutional because he was not provided with written notice from the board about his Parole Revocation. (Doc. no. 1, p. 6; doc. no. 19, p. 7). As noted *supra*, one of the "the minimum requirements of due process" is written notice of the claimed violations of parole. Morrissey, 92 S.Ct. 2604. Respondent asserts that the state habeas court found this claim lacked merit because the evidence established that Petitioner was provided with a copy of the notice of final revocation hearing on July 18, 2005. (Doc. no. 9, Ex 2). Specifically the state habeas court found:

> That the Respondent submitted as Respondent's Exhibit #1 a copy of the Petitioner's Notice of Final Revocation hearing . . . . The record reveals that the Petitioner was provided with written notice of the claimed violations of parole in the Notice of Final Revocation Hearing. The notice of hearing listed the two counts of alleged parole violations and notified the Petitioner of the date, time, and place for the final revocation hearing.

(Doc. no. 9, Ex. 2).

Although Petitioner presents his assertions that he did not receive notice of the Parole

9

Revocation, this contention is simply not supported by the record. As such, Petitioner's lack of notice of the Parole Revocation claim fails.

**D.    Procedural Default**

As explained above, Petitioner did not bring in his state habeas petition, his claim regarding the cross examination of Sheriff Martin. Consequently, Respondent argues that Petitioner's claim is procedurally barred from being reviewed in this federal collateral proceeding. As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). A federal habeas petitioner can run afoul of this procedural default rule in one of two ways.

First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent" state procedural grounds, the district court is precluded from later reviewing the merits of the claim on collateral attack. Judd, 250 F.3d at 1313. The Eleventh Circuit has explained that a state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Id. (internal quotes and citations omitted).

Likewise, a federal habeas petitioner runs afoul of the procedural default rule when he attempts to bring a new claim that would be procedurally barred if raised in state court. In such instances, the petitioner's failure to properly bring the claim in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.").

Of particular note in the instant case, Georgia law requires state habeas petitioners to raise all available grounds for relief in a first or amended habeas petition. See O.C.G.A. § 9-14-51. Under O.C.G.A. § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

Here, Petitioner's claim regarding not having the opportunity to cross examine Sheriff

11

Martin was available at the time he brought his state habeas petition. Yet, Petitioner failed to bring the claim in his state habeas petition. Accordingly, Petitioner has procedurally defaulted on his claims under O.C.G.A. § 9-14-51's successive petition rule, and this Court is precluded from reaching the merits of his claims under Chambers. Therefore, Petitioner's claim regarding the cross examination of Sheriff Martin fails.

## IV. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED AND RECOMMENDED this 18th day of April, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE