IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BENJAMIN R. SINGLETON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 307-008 |
| ) | |
| DONALD BARROW, Warden, and ) | |
| THURBERT E. BAKER, Attorney ) | |
| General of the State of Georgia, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended denying the petition filed pursuant to 28 U.S.C. § 2254 because several of the grounds raised failed to form a proper basis for federal habeas corpus relief; the record evidence failed to support Petitioner's claim that he did not receive notice of his parole revocation hearing; and the claim regarding not having an opportunity to cross examine Sheriff Don Martin at the parole revocation hearing was procedurally defaulted. (Doc. no. 20, pp. 6-10). Although the Court finds no merit to Petitioner's objections, one point merits further comment.

Petitioner objects to the Magistrate Judge's conclusion that the claim regarding the denial of Petitioner's right to cross examine Sheriff Martin at the parole revocation hearing

is procedurally defaulted. (Doc. no. 22, p. 4). Plaintiff asserts:

> [T]he Magistrate correctly noted the legal principle to be applied to an allegation of procedural default. However, in doing so, the Magistrate overlooked, disregarded, or ignored the [] relevant facts 'that Petitioner COULD NOT' have raised his claim [about cross examining Sheriff Martin] in his original or amended complaints when it was clear that Petition was not made aware of the claim . . . until after the [state] habeas corpus hearing was over.

(Id. at 6).

Petitioner argues that he was not made aware that Sheriff Martin had testified at his parole revocation hearing until Petitioner received the transcript of the proceedings after his state habeas corpus hearing. To overcome a procedural default, Petitioner must show both cause for the default and resulting actual prejudice or demonstrate that a fundamental miscarriage of justice will occur if the federal court does not address the petitioner's claims. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Mincey v. Head, 206 F.3d 1106, 1135-36 (11th Cir. 2000) (citing McCoy v. Newsome, 953 F.2d 1252, 1257 (11th Cir. 1992)). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman, 501 U.S. at 753. A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 268 Ga. 820, 826, 493 S.E.2d 900, 906 (1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

Petitioner asserts that his cause for the default was that he was not aware that Sheriff

Martin had testified at his parole revocation hearing until after his state habeas corpus hearing. Petitioner offers no viable reason why he could not have obtained the transcript of his parole revocation hearing prior to his state habeas corpus hearing by exercising due diligence. He has therefore failed to show that the factual predicate for this claim could not have been discovered previously through the exercise of due diligence. Nor has Petitioner shown an objective factor external to the defense impeded his efforts to comply with the state procedural rule. For example, Petitioner has not alleged or made any showing that the state denied a request for the transcript or that there were not alternative devices such as witness lists, available to him that would have fulfilled the same functions as the transcript. Thus, he has not met his burden of showing that he was denied access to the transcript by a factor beyond his control. See McCoy, 953 F.2d at 1260 (finding that petitioner had not established cause because he did not show that he was denied access to transcript by a factor beyond his control).

Moreover, although not addressed in the Report and Recommendation, the Court also finds that Thurbert E. Baker is an improper Respondent and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated.

The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Barrow is the proper Respondent, and Thurbert E. Baker is **DISMISSED** as an improper party Respondent.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court as modified by the information herein. Therefore, Respondent Baker is **DISMISSED**, the petition is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent Barrow.

SO ORDERED this 9th day of June, 2008.

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE